Case 4:21-cv-01683   Document 1-3   Filed on 05/21/21 in TXSD   Page 1 of 10

5/7/2021 9:48 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 53214801
By: Carolina Salgado
Filed: 5/7/2021 9:48 AM

CAUSE NO. _____

| | | |
|---|---|---|
| **VERONICA GARCIA GONZALEZ** | § § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § § | |
| V. | § § | \_\_\_\_ **JUDICIAL DISTRICT** |
| | § § § § | |
| **FAMILY DOLLAR STORES OF TEXAS, LLC** | § § § | **HARRIS COUNTY, TEXAS** |
| *Defendant.* | § § § | |

## PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Plaintiff Veronica Garcia Gonzalez, and files her Original Petition, complaining of Defendant **FAMILY DOLLAR STORES OF TEXAS, LLC** ("**FAMILY DOLLAR**") for cause of action would respectfully show unto the Court the following:

### I. LEVEL

Discovery is intended to be conducted under Level 2 of Texas Rules of Civil Procedure 190.

### II. PARTIES

Plaintiff, Veronica Garcia Gonzalez, is a resident of Houston, Harris County, Texas.

Defendant, **FAMILY DOLLAR STORES OF TEXAS, LLC** is a limited liability company doing business in Harris County, Texas. Defendant may be served with process by serving its registered agent Corporation Service Company d/b/a CSC Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

EX. B

### III. VENUE

The subject matter in controversy is within the jurisdictional limits of this court. Plaintiff seeks:

    a.    only monetary relief of $250,000 or less including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

### IV. FACTS

This suit is brought under and by virtue of the laws of the State of Texas to recover those damages which Plaintiff is justly entitled to receive as compensation for injuries she sustained in an incident that happened on or about September 13, 2020. On that date, Plaintiff, an invitee slipped and fell on a foreign substance while she was getting her groceries. She hurt her right knee and back. The premises owned by Family Dollar were negligently maintained. On the date of the incident, the premises were under the custody and control of the Defendant that resulted in severe injuries. The Defendant failed to warn Plaintiff of the dangerous condition and failed to make the dangerous condition safe for Plaintiff prior to her fall.

### V. NEGLIGENCE

The occurrence made the basis of this suit and the resulting injuries and damages were proximately caused by the negligence and/or negligence per se of the Defendant, for a variety of acts and omissions, including but not limited to one or more of the following:

    1.    In failing to properly maintain said premises in a reasonable manner;

    2.    In failing to properly maintain said premises in a safe manner;

    3.    In failing to exercise caution;

    4.    In failing to provide warning; and,

5. In maintaining said premises in a reckless and careless manner.

Each and all of the above acts and/or omissions constituted negligence and each and all were the proximate cause of the following made the basis of this suit and the injuries and damages suffered by the Plaintiff herein.

## VI. PREMISES LIABILITY-INVITEES

The occurrence made the basis of this suit and the resulting injuries and damages were caused by the Defendants' failure to properly maintain said premises in a safe manner. Plaintiff would show that:

1. The plaintiff was an invitee;

2. The defendant was a possessor of that premises;

3. A condition on the premises posed an unreasonable risk of harm;

4. The defendants knew or reasonably should have known of the danger;

5. The defendants breached its duty of ordinary care by both:

    a. Failing to adequately warn the plaintiff of the condition, and

    b. Failing to make the condition reasonably safe; and

6. The defendants' breach proximately caused the plaintiff's injuries.

## VII. DAMAGES

At the time of trial of this cause, Plaintiff shall ask the Court to submit the following elements of damage for consideration of what sum of money, if paid now in cash, would fairly and reasonably compensate her for her damages. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer pain and suffering and to incur the

following damages:

A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C. Physical pain and suffering in the past;

D. Physical pain and suffering in the future;

E. Physical impairment in the past;

F. Physical impairment which, in all reasonable probability, will be suffered in the future;

G. Loss of earnings in the past;

H. Loss of earning capacity which will, in all probability, be incurred in the future;

I. Disfigurement in the past;

J. Disfigurement in the future;

K. Mental anguish in the past; and

L. Mental anguish in the future.

## VIII. JURY TRIAL

Plaintiff respectfully requests a trial by jury.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendant be cited to appear and answer and that upon final hearing, Plaintiff, recover judgment against the Defendant for her damages as they may appear at trial hereof, together prejudgment and post-judgment

EX. B

interest, costs of court, and such other relief to which Plaintiff may be entitled.

Respectfully submitted,

**BASU LAW FIRM, PLLC**

/S/Annie Basu
_____

Annie Basu
TBN: 24047858
Jordan Sloane
TBN: 24118537
P. O. Box 550496
Houston, Texas 77255
Tel: 713-460-2673
Fax: 713-690-1508
info@basulaw.com
**ATTORNEY FOR PLAINTIFF**

# REQUESTS FOR DISCLOSURE

Pursuant to the provisions of Tex. R. Civ. P. Rule 190.3, Plaintiff serves upon Defendant, Texas Rule of Civil Procedure 194 Request for Disclosure. You are hereby requested to disclose the information or material described in Rule 194.2(a); 194.2(b); 194.2(c); 194.2(e); 194.2(f) (1), 194.2(f)(2), 194.2(f)(3), 194.2(f)(4)(A), and 194.2(f)(4)(B); 194.2(g); 194.2(h); 194.2(i); 194.2(j),194.2(k) and 194.2 (l) within fifty days of your receipt of this document, by sending your responses to Annie Basu, P. O. Box 550496, Houston, Texas 77255.

/s/Annie Basu
_____

ANNIE BASU

Original Petition
*Garcia Gonzalez v. Family Dollar*
Page 5 of 5

EX. B

Case 4:21-cv-01683 Document 1-3 Filed on 05/21/21 in TXSD Page 6 of 10

5/18/2021 8:39 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 53535483
By: Iliana Perez
Filed: 5/18/2021 8:39 AM

CAUSE NO. 2021-27479

| | | |
|---|---|---|
| VERONICA GARCIA GONZALEZ | § § | IN THE DISTRICT COURT OF |
| v. | § § | HARRIS COUNTY, TEXAS |
| FAMILY DOLLAR STORES OF TEXAS, LLC | § § | 269TH JUDICIAL DISTRICT |

## **DEFENDANT'S ORIGINAL ANSWER AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, FAMILY DOLLAR STORES OF TEXAS, LLC, Defendant in the above-entitled and numbered cause, and for answer to the Plaintiff's pleadings on file herein, would respectfully show unto the Court as follows:

### A.
### GENERAL DENIAL

1.  Defendant asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and respectfully request that Plaintiff be required to prove the charges and allegations against this Defendant by the evidence as is required by the laws of the State of Texas.

### B.
### AFFIRMATIVE DEFENSES

1.  Defendant contends that the Plaintiff may have failed to use ordinary care for her safety and, therefore, the Plaintiff may have contributed to the incident in question. In this regard, the Plaintiff failed to keep a proper lookout. Thus, Defendant contends that the Plaintiff may have been the sole cause of the incident, or in the alternative, the Plaintiff's negligence should serve to reduce any recovery of the Plaintiff

EX. B

in proportion thereto.

2. If Plaintiff is claiming loss of income or earning capacity, Defendant pleads the defense set forth in Tex. Civ. Prac. & Rem. Code Section 18.091, requiring Plaintiff to prove her loss or earnings and/or loss of earning capacity in the form which represents her net loss after reduction for income tax purposes or unpaid tax payments or unpaid tax liability on said loss of earnings claim pursuant to any federal income tax law. Tex. Civ. Prac. & Rem. Code § 18.091. Additionally, Defendant requests the Court to instruct the jury as to whether any recovery for compensatory damages sought by the Plaintiff, if any, are subject to federal and state income taxes.

3. Additionally, to the extent Plaintiff's medical special damages exceed the amount actually paid on Plaintiff's behalf, Defendant asserts the statutory defense set forth in Section 41, et seq., of the Texas Civil Practice & Remedies Code. Thus, the recovery of any medical or health care benefit is limited to the amounts actually paid or incurred by the Plaintiff or on the Plaintiff's behalf.

4. Defendant further pleads, if such be necessary, and pleading in the alternative that Defendant did not proximately cause any of the alleged damages or harm claimed by Plaintiff. Defendant also pleads, if such be necessary, and pleading in the alternative that any alleged damages or harm claimed by Plaintiff were not legally foreseeable and were solely caused by superseding and intervening events. Plaintiff's claims are barred, in whole or in part, because Defendant's conduct did not cause, proximately, solely, or solely proximately the alleged injuries or damages claimed by Plaintiff.

5. Defendant also contends that the Plaintiff's present complaints may be the result of a new and independent cause.

6. Defendant further contends that Plaintiff's present complaints are the result of pre-existing and degenerative conditions.

7. Defendant further contends that Plaintiff's claims may be barred because the condition about which Plaintiff complains was open and obvious.

## C.
## RIGHT TO SUPPLEMENT

8. Defendant respectfully reserves the right at this time to amend this Original Answer to the Plaintiff's allegations after said Defendant has had the opportunity to investigate more closely these claims, as is the right and privilege of said Defendant under the Rules of Civil Procedure and the laws of the State of Texas.

## D.
## DISCOVERY DOCUMENTS

9. By way of further Answer, Defendant hereby gives actual notice to the Plaintiff, that any and all documents produced during discovery may be used against the party Plaintiff, if any, at any pre-trial proceeding and/or trial of this matter without the necessity of authenticating the document. This notice is given pursuant to Rule 193.7 of the Texas Rules of Civil Procedure.

## E.
## JURY DEMAND

10. Defendant herein demands a trial by jury on all contested fact issues. On this date, a jury fee has been paid.

WHEREFORE, PREMISES CONSIDERED, the above-named Defendant, FAMILY DOLLAR STORES OF TEXAS, LLC, having fully answered herein, prays that Plaintiff take nothing by reason of this suit, and that Defendant be discharged. Defendant prays further that all court costs expended or incurred in this cause be assessed and taxed against Plaintiff, and for all such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

**GERMER, PLLC**

By: _/s/ Robin Blanchette_
    ROBIN N. BLANCHETTE
    State Bar No. 24045509
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
*Telephone*: (713) 650-1313
*Facsimile:* (713) 739-7420
*E-Mail:* rblanchette@germer.com

ATTORNEY FOR DEFENDANT

EX. B

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing instrument has been duly sent by e-serve, on May 18, 2021, to the following counsel:

info@basulaw.com
Annie Basu
Basu Law Firm, PLLC
P.O. Box 550496
Houston, Texas 77255

 

_____
ROBIN N. BLANCHETTE

EX. B